## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT S. CARLBORG<br>PO Box 2722<br>San Marcos, CA 92079,<br><br>　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF THE NAVY<br>1000 Navy Pentagon<br>Washington, D.C. 20301-1000,<br><br>　　　　　　　　　*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No.:_____ |

## COMPLAINT

Plaintiff, an American citizen, brings this action against the defendant Department of the Navy to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, et seq., as amended, and the Privacy Act ("PA"), 5 U.S.C. § 552a et seq., as amended, for the disclosure of agency records held by the defendant Department of the Navy.  Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C § 552a(g)(1)(B), and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3.  Plaintiff, Robert Carlborg, is an American citizen and a resident of the state of California.  In 2014, while serving as a Marine Corps officer and attaining the rank of Major, plaintiff came under investigation for alleged off-duty misconduct.  In 2015, he was charged, administratively punished,

and involuntarily discharged after serving 19 years, 11 months, and 17 days on active duty in the

United States Marine Corps. As plaintiff did not attain 20 years of continuous active duty military

service, all corresponding retirement benefits are currently denied to him, to include a forecasted loss

of more than $2M in retired pay over a 40-year lifespan. In the effort to obtain documentary

evidence as to how his case was handled in support of an Application for Correction of Naval

Records before the Board for Correction of Naval Records ("BCNR"), plaintiff made numerous

FOIA and PA requests which have been specifically denied or deemed denied by failure to respond.

Plaintiff seeks judicial review of the denial of records.

4. The Department of the Navy ("DoN") is an agency within the meaning of 5 U.S.C. §

552(f)(1) and 5 U.S.C. § 552a(a)(1), and is in possession and/or control of the records requested by

plaintiff that are the subject of this action and to which plaintiff seeks access.

## COUNT I[1]

5. By letter dated February 5, 2018, plaintiff submitted a PA request to the Director, Manpower

Information ("MI") Systems, Manpower and Reserve Affairs Quantico, VA, an office under the

cognizance of the United States Marine Corps ("USMC"), a component of the Department of the

Navy. The request sought a copy of any and all records maintained on him within the System of

Record ("SOR") M01040-3 Marine Corps Manpower Management Information System Records.

6. By e-mail dated March 19, 2018, plaintiff received an inquiry from the Headquarters Marine

Corps ("HQMC") FOIA/PA office stating that the "MI is not sure what system of records it belongs

---

[1] Inasmuch as the facts relating to each FOIA or PA request are unique to that request, the facts relevant to each individual request are grouped within each discrete Count.

to" and requested plaintiff's clarification.  Plaintiff provided a hyperlink[2] to the website and has received no further status on this PA request.

7.  Even though the written request was submitted under the PA, it should have been additionally processed under the FOIA, pursuant to law and regulation.  As far more than twenty workings days have elapsed without a substantive response from the USMC, plaintiff is deemed to have constructively exhausted all required administrative remedies.

8.  Defendant is unlawfully withholding records requested by plaintiff pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.

9.  Plaintiff is being irreparably harmed by reason of defendant's unlawful withholding of requested records, and plaintiff will continue to be irreparably harmed unless defendant is compelled to conform its conduct to the requirements of law.

## COUNT II

10.  On August 9, 2017, plaintiff made a FOIA request using FOIAonline to the USMC for all e-mails (with attachments) sent or received by a USMC officer regarding the handling of plaintiff's involuntary administrative discharge. Plaintiff defined the search parameters for these e-mails as occurring during the period March 1, 2015 – October 31, 2015 and using "Carlborg" as the keyword search.

11.  By same day FOIAonline e-mail notification, Tracking Number DON-USMC-2017-009379 was assigned.

---

[2] http://dpcld.defense.gov/Privacy/SORNsIndex/DOD-wide-SORN-Article-View/Article/570625/m01040-3/  (last accessed May 16, 2018)

12.  By FOIAonline e-mail notification on August 11, 2017, the HQMC FOIA office forwarded this request to the II Marine Expeditionary Force ("II MEF") Camp Lejeune, North Carolina FOIA office.

13.  By letter dated August 31, 2017, the II MEF FOIA office acknowledged receipt of the request with an estimated completion date of September 30, 2017.

14.  By FOIAonline e-mail notification dated October 5, 2017, the II MEF FOIA office provided a final response including 244 pages of records.  These records were sent through U.S. Army Aviation and Missile Research Development and Engineering Center ("AMRDEC"), a website to securely transfer sensitive files. FOIA (b)(5), (b)(6), and (b)(7c) exemptions were invoked and redactions applied on much of the material.

15.  Using FOIAonline on November 1, 2017, plaintiff appealed all the exemptions invoked, provided his reasoning for why the (b)(5) and (b)(6) exemptions were inapposite, and identified that of the e-mails that referenced attachments, no attachments were provided and no exemptions were claimed.

16.  By same day FOIAonline e-mail notification, Appeal Tracking Number DON-NAVY-2018-000959 was assigned.

17.  By letter dated November 2, 2017, the Office of the Judge Advocate General-14 ("OJAG-14"), the appropriate appellant office, acknowledged receipt of the appeal.

18.  By letter dated November 27, 2017, OJAG-14 denied the appeal for the FOIA exemptions invoked but granted and remanded to II MEF to provide all e-mail attachments.

19.  Via the AMRDEC secure portal, on December 20, 2017, II MEF provided 187 pages of e-mail attachments along with another copy of the previous 244 pages while invoking FOIA exemptions (b)(5), (b)(6), and (b)(7)(a).

4

20. Using FOIAonline on December 29, 2017, plaintiff appealed all claimed exemptions and provided additional reasoning beyond his November 1, 2017 appeal reasoning as to why the (b)(5) and (b)(6) exemptions were inapposite and improperly claimed.

21. By same day FOIAonline e-mail notification, Appeal Tracking Number DON-NAVY-2018-002715 was assigned.

22. Using FOIAonline on January 11, 2018, plaintiff sent a supplemental appeal to provide additional rationale beyond his November 1 and December 29 appeals explaining why the (b)(5) and (b)(6) exemptions were inapposite and improperly claimed.

23. By same day FOIAonline e-mail notification, Appeal Tracking Number DON-NAVY-2018-003150 was assigned.

24. On February 13, 2018, OJAG-14 replied by letter to all three appeals, partially granted some of the challenged FOIA exemptions by removing the redactions, and denied the remainder.

25. Plaintiff has a legal right under the FOIA to obtain the information he seeks, and challenges the legal basis for the denial by the USMC of said right.

26. Defendant is unlawfully withholding records requested by plaintiff pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a and by improperly claiming exemptions that do not apply to the requested records.

27. Plaintiff is being irreparably harmed by reason of defendant's unlawful withholding of requested records, and plaintiff will continue to be irreparably harmed unless defendant is compelled to conform its conduct to the requirements of law.

## COUNT III

28. On July 25, 2017, plaintiff made a Privacy Act request using FOIAonline to the USMC for an Advisory Opinion ("AO") written specifically about plaintiff by the Military Personnel Policy

Branch ("JPL") within the Staff Judge Advocate's ("SJA") office of HQMC.  This JPL AO was

submitted to the HQMC Performance Evaluation Review Board that was deciding plaintiff's

application to correct his military record, however, plaintiff was never provided a copy as is required

by governing Board for Correction of Naval Records regulations and procedures.

29.  By same day FOIAonline e-mail notification, Tracking Number DON-USMC-2017-008812

was assigned.

30.  On August 31, 2017, the HQMC FOIA/PA office provided a final response by letter. The

requested eight-page AO was released with redactions but had only FOIA (b)(6) and (b)(7)(c)

exemptions invoked as justification for the redacted material.

31.  Using FOIAonline on September 11, 2017, plaintiff appealed and stated that this record

should be released under the PA, yet only FOIA exemptions were claimed.

32.  By same day FOIA online e-mail notification, Appeal Tracking Number DON-NAVY-2017-

010487 was assigned.

33.  On October 6, 2017, OJAG-14 denied plaintiff's appeal and stated that the record was not

part of a SOR and therefore processed properly under the FOIA and the exemptions invoked.

34.  Using FOIA online on February 28, 2018, plaintiff made a request for reconsideration to the

USMC.  In it, plaintiff pointed out that the HQMC response of August 31 stated "We initiated a

search of the files (emphasis added) maintained by JA" and which the AO was taken.  Plaintiff

further noted that it is to be inferred that a search of these files indicates the existence of a SOR but

no published SOR Notice can be identified.  Plaintiff requested to know which SOR these files

belonged to and to be provided a copy of all records in it.

35.  By same day FOIA online e-mail notification, Tracking Number DON-USMC-2018-004910

was assigned.

36. On or about July 20, 2018, plaintiff receieved a response under the FOIA, however, defendant failed to address the PA aspects of his request. As far more than twenty workings days have elapsed without a substantive response from the USMC to plaintiff's PA request, plaintiff has constructively exhausted all required administrative remedies.

37. Plaintiff has a legal right under the PA to obtain the information he seeks.

38. Defendant is unlawfully withholding records requested by plaintiff pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.

39. Plaintiff is being irreparably harmed by reason of defendant's unlawful withholding of requested records, and plaintiff will continue to be irreparably harmed unless defendant is compelled to conform its conduct to the requirements of law.

## COUNT IV

40. By letter sent in March 2017, plaintiff submitted a PA request to the Judge Advocate Division ("JAD"), an office under the cognizance of the USMC, that sought a copy of any and all records maintained on him within the SOR MJA00017 JA Division, HQMC Correspondence Control Files, which contains records of "Marines or former Marines who have been the subject of correspondence from a member of Congress".

41. By FOIAonline e-mail notification dated March 23, 2017, HQMC acknowledged receipt of the PA request and assigned it Tracking Number DON-USMC-2017-004742.

42. By letter sent in March 2017, plaintiff submitted a PA request to the JAD that sought a copy of any and all records maintained on him within the SOR MJA00018 Performance File, which contains records of USMC members "who, while on active duty or in a reserve status, become the subject of investigation, indictment, or criminal proceedings by military or civilian authorities".

7

43. By FOIAonline e-mail notification dated March 30, 2017, HQMC acknowledged receipt of the PA request and assigned it Tracking Number DON-USMC-2017-004914.[3]

44. During the next five months, plaintiff and HQMC exchanged multiple e-mails about the status of the requests with the office providing numerous conflicting answers.

45. By e-mail dated May 23, 2017, HQMC stated that "voluminous" responsive records were located.

46. By e-mail dated July 18, 2017, HQMC stated that the JAD provided only 161 pages of records which HQMC had begun redacting and that they needed to clarify which SOR it came from.

47. By e-mail dated July 26, 2017, HQMC stated that the JAD "provided us with two copies of the emails (one was contained within each system), so our final response should contain 84 pages with a few duplicates".

48. By e-mail dated August 30, 2017, HQMC stated that "An SJA has objected to releasing the records and we are currently working with them towards a resolution".

49. By letter dated August 31, 2017, the HQMC FOIA/PA office provided a final response for both PA requests. 74 pages of material were released with FOIA (b)(5), (b)(6) and (b)(7)(c) exemptions invoked as justification for the redacted material but no PA exemption(s) were claimed. Furthermore, the released material was not segregated into a response for each of the individual PA requests, nor identified which pages belong to which SOR:

(a) Of the 74 pages, 70 are e-mails with page numbering 1 – 161 and multiple gaps within this numbering.

---

[3] Because these two requests are closely related and were made to the same office within the DoN, they have been combined into a single Count.

(b)  The remaining 4 pages are an Information Paper dated September 22, 2015 written in response to plaintiff's Congressional Interest Correspondence that was sent in May 2015 seeking assistance for how his administrative separation case was being handled at the time.

50.  Using FOIAonline on September 11, 2017, plaintiff appealed both responses by stating that:

(a)  These requests were made under the PA, not just the FOIA.

(b)  Given that the retention period for records within SOR MJA00018 is 50 years, it strains credulity that the only records maintained on plaintiff consist of only 70 pages of e-mails and nothing else.

(c)  An e-mail received in this same HQMC 74-page response that refers to 2000+ pages of "documents associated with Carlborg's case".

(d)  The records within SOR MJA00017 "contains the incoming correspondence, backup material used to respond to the correspondence, notes of the action officer and reply correspondence" and again it strains credulity that there is only a 4-page Information Paper within this SOR.

(e)  Providing all material in one single batch and not segregating it into the two separate requests is complicated and not in accordance with the law.

51.  By same day FOIAonline e-mail notifications, Appeal Tracking Number DON-NAVY-2017-010468 was assigned for DON-USMC-2017-004742 and Appeal Tracking Number DON-NAVY-2017-010469 for DON-USMC-2017-004914.

52.  Using FOIAonline on September 29, 2017, plaintiff provided supplemental appeal reasoning in support of DON-NAVY-2017-010469 as to why FOIA exemptions were inapposite.

53.  By same-day FOIAonline e-mail notification, Appeal Tracking Number DON-NAVY-2017-011175 was assigned.[4]

54.  By letter dated October 6, 2017, the DoN partially granted and remanded the appeals to HQMC in that they had searched for and found additional responsive material and was reviewing those records for release subject to <u>FOIA</u> exemptions.  No mention was made of the fact that these requests were submitted under the PA.  The appeals for the claimed FOIA exemptions and non-segregation of material were denied.

55.  By letter dated November 13, 2017, plaintiff provided additional reasoning and requested reconsideration on the portions of the two appeals (and supplement) that were denied as it relates to the claimed FOIA exemptions.

56.  By e-mail dated November 21, 2017, OJAG-14 denied the reconsideration in full.

57.  Using FOIAonline on December 11, 2017, plaintiff made a second appeal as the USMC had not complied with the October 6 remand for the additional responsive material within twenty working days.

58.  By same-day FOIAonline e-mail notifications, Appeal Tracking Number DON-NAVY-2018-002189 was assigned for DON-USMC-2017-004742 (first appeal DON-NAVY-2017-010468) and Appeal Tracking Number DON-NAVY-2018-002190 for DON-USMC-2017-004914 (first appeal DON-NAVY-2017-010469).

---

[4] Plaintiff incorrectly submitted his appeal supplement to a completely separate USMC tracking number within FOIAonline; however, OJAG-14 correctly interpreted that DON-NAVY-2017-011175 was a supplement to appeal DON-NAVY-2017-010469 (for DON-USMC-2017-0104914).

59. By e-mail dated November 22, 2017, HQMC informed plaintiff that the JAD conducted a second search and located a 1750-page file on him. The e-mail continued: "it appears that all of it has been released to you in response to previous FOIA requests".

60. By letter dated December 12, 2017, OJAG-14 acknowledged receipt of these two additional appeals.

61. In an e-mail exchange on December 14, 2017, HQMC inquired as to if plaintiff had copies of certain documents from previous requests made to II MEF. Plaintiff affirmed that he had some but could not confirm if he had everything as he did not know what was contained in the 1750-page file identified on November 22. Plaintiff indicated that he was willing to work with HQMC to identify what he did not have to avoid duplicative processing of records but plaintiff never heard from HQMC again.

62. By letter dated January 3, 2018, OJAG-14 partially denied the appeals as it relates to providing additional responsive material for being moot. The reasoning was that as a result of the limited December 14 e-mail exchange, HQMC had identified all additional responsive material as having been provided to plaintiff in previous yet completely separate requests. The rest of the appeal was granted as it relates to the 70 pages of previously released e-mails numbered 1 – 161 and the gaps indicating that 91 pages were withheld. OJAG-14 directed these 91 pages to be released.

63. Using FOIAonline on January 5, 2018, plaintiff submitted two new PA requests for the same two SORs as HQMC had never released any material under the PA, only under the FOIA, nor had they ever addressed the reasons why the PA has been ignored.

64. By same day FOIAonline e-mail notifications, Tracking Number DON-USMC-2018-002903 was assigned for SOR MJA00017 HQMC Correspondence Control Files (originally DON-USMC-

11

2017-004742) and Tracking Number DON-USMC-2018-002904 for SOR MJA00018 Performance File (originally DON-USMC-2017-004914).

65. By letter dated January 12, 2018, HQMC provided 161 pages of material for both requests. As they indicated in their July 26 e-mail, the withheld e-mails were duplicates of what was eventually released on August 31. However, these 161 pages of material consisted of 157 pages of e-mails (the original 70 pages of e-mails and duplicates with page numbering 1 – 166) plus the same four-page Information Paper. There still remained a 9-page gap of unreleased material for page numbering 3 – 11 and no copies of e-mail attachments were provided. HQMC administratively closed out DON-USMC-2018-002903/002904 as duplicative.

66. Using FOIAonline on January 18, 2018, plaintiff submitted a third appeal as the USMC had not fully complied with the October 6 and January 3 remands.

67. By same day FOIAonline e-mail notifications, Appeal Tracking Number DON-NAVY-2018-003373 was assigned for DON-USMC-2017-004742 (appeals DON-NAVY-2017-010468 and DON-NAVY-2018-002189) and Appeal Tracking Number DON-NAVY-2018-003374 for DON-USMC-2017-004914 (appeals DON-NAVY-2017-010469, supplement DON-NAVY-2017-011175, and DON-NAVY-2018-002190).

68. By letter dated February 21, 2018, OJAG-14 granted the most recent appeals in full and directed that both requests need to be processed under the PA. Although an FOIA response was received by plaintiff on July 20, 2018, the USMC has not responded to plaintiff's PA request.

69. Plaintiff has exhausted all required administrative remedies.

70. Plaintiff has a legal right under the PA to obtain the information he seeks, and there is no legal basis for the denial by the USMC of said right.

71. Defendant is unlawfully withholding records requested by plaintiff pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.

72. Plaintiff is being irreparably harmed by reason of defendant's unlawful withholding of requested records, and plaintiff will continue to be irreparably harmed unless defendant is compelled to conform its conduct to the requirements of law.

## COUNT V

73. Due to their intertwinement, this cause of action combines two separate FOIA requests made by plaintiff.

74. Using FOIAonline on April 12, 2016, plaintiff made a FOIA request to II MEF for all e-mails sent or received by three USMC officers regarding the handling of plaintiff's administrative discharge. These officers were the members of the administrative hearing board held on May 5, 2015 for plaintiff. Plaintiff defined the search parameters for these e-mails as occurring during the period February 5, 2015 – October 9, 2015.

75. By same day FOIAonline e-mail notification, Tracking Number DON-USMC-2016-005362 was assigned. The search was conducted by the Information Technology Department ("G-6") within II MEF.

76. Using FOIAonline on February 21, 2016, plaintiff made a FOIA request to the USMC for all e-mails sent or received by eight USMC officers who were directly involved in the handling of plaintiff's involuntary administrative discharge. They included two General Officers ("GO") in plaintiff's chain of command who recommended his administrative discharge, the unit Commanding Officer, unit Executive Officer, unit Adjutant (legal officer), and four SJAs. Plaintiff defined the search parameters for these e-mails as occurring during the period June 30, 2014 – October 9, 2015.

77.   By same day FOIAonline e-mail notification, Tracking Number DON-USMC-2016-003723 was assigned.  The Marine Corps Network Operations and Security Center ("MCNOSC") conducted the search, provided the results to II MEF, and II MEF was responsible to respond as six of the officers were attached to that unit during that time period. The other two officers were attached to a different unit but part of the overall search with one officer not being applicable and one GO having no responsive records.

78.   Due to the forwarding of this request to MCNOSC, Tracking Number DON-USMC-2016-005238 was administratively assigned.

79.   By letter dated June 6, 2016, the II MEF FOIA office acknowledged receipt for both requests.  It should be of note that the respondent records from MCNOSC for DON-USMC-2016-003723 were received by II MEF over a month earlier on April 28, 2016.

80.   After numerous inquiries by plaintiff, II MEF provided a 45-page final response on August 4, 2016 for DON-USMC-2016-003723 and a 114-page response on August 5, 2016 for DON-USMC-2016-005362.  Both responses had multiple FOIA (b)(6) exemptions invoked and II MEF further complained that the four-month delay in response was due to a lack of personnel.

81.   Plaintiff thoroughly scrutinized these records and noticed that there were significant discrepancies.  Specifically:

(a)  Plaintiff was subject to non-judicial punishment ("NJP"), an administrative hearing, on February 5, 2015, yet there is not one single e-mail sent or received from any of these senior officers for the six months between August 20, 2014 and February 23, 2015 in DON-USMC-2016-003723. During this time period, plaintiff had been under investigation, had charges preferred against him for a General Court-Martial, had sought and been denied by his Commanding Officer medically recommended in-patient care for his Post-Traumatic Stress Disorder ("PTSD")/alcoholism, and

14

lastly the NJP. The absence of any e-mail given the breadth of the issues related to plaintiff's circumstances suggests inadequate search and/or removal or withholding of responsive documents.

(b) On May 5, 2015, plaintiff was subject to a Board of Inquiry ("BOI"), an administrative hearing on whether or not an officer is to be retained in the military, yet no e-mails were produced from any of the officers, sent or received, after the date of the BOI in DON-USMC-2016-005362 in order to coordinate the post-BOI report amongst themselves and appropriate attorneys, as is standard procedure.

(c) With the NJP completed on February 5 and the BOI approaching on May 5, no e-mails were sent or received between February 23 and May 11, 2015 by any of the senior officers in DON-USMC-2016-003723. The complete lack of e-mails under the circumstances suggests inadequate search.

82. Using FOIAonline on October 20, 2016, plaintiff appealed both requests citing inadequate search. Plaintiff re-attached three e-mails from DON-USMC-2016-003723 to support his contention that records had been withheld or an inadequate search had been performed. This included an e-mail dated September 30, 2015 referencing an "e-mail that I copied you on", the copied e-mail a result of a recent phone conversation about plaintiff's pending discharge. The most recent e-mail provided before this is dated May 12, 2015.

83. By same day FOIAonline notification, Appeal Tracking Number DON-2017-000400 was assigned for DON-USMC-2016-003723 and Appeal Tracking Number DON-2017-000402 for DON-USMC-2016-005362.

84. By letter dated November 17, 2016, OJAG-14 denied both appeals. The focus of the response was solely on the adequacy of the search that was conducted however OJAG-14 misinterpreted plaintiff's appeal reasoning. Plaintiff asserted that the responsive records produced

by the searches were then edited (i.e., removed) by II MEF before applying FOIA exemptions, thus forming the identified gaps in time within the records that were ultimately released to plaintiff in August 2016.

85.   By e-mail dated January 4, 2017 plaintiff provided to OJAG-14 his own independent copy of an e-mail as supplementary evidence that showed two officers and a date that fit the search parameters in DON-USMC-2016-003723.   This e-mail should have but was not produced as part of the responsive records by II MEF.

86.   By e-mail dated January 4, 2017, the Office of Government Information Services ("OGIS") assigned Case Number 201700965.

87.   By letter dated February 14, 2017, OJAG-14 denied the appeal while additionally denying the reconsideration request and supplementary material that plaintiff provided.

88.   By letter dated April 13, 2017, plaintiff requested a second reconsideration of the November 17 appeals denial directly to the Secretary of Navy ("SECNAV").   In the letter plaintiff again identified that he was not challenging the search, but rather that entire e-mails were being illegally withheld by II MEF.   Plaintiff stated that at no time did OJAG-14 indicate in their November 17 and February 14 responses that they had compared the original un-redacted records to what was released to plaintiff for possible discrepancies.

89.   The SECNAV office forwarded plaintiff's letter to OJAG-14, who in turn by letter dated May 17, 2017, denied this second reconsideration request.

90.   By letter dated June 1, 2017, plaintiff submitted a third reconsideration to OJAG-14.   In this letter, plaintiff explicitly stated the reasoning with examples attached for his assertion that entire e-mails were illegally withheld. Specifically:

(a)  The letter from Marine Corps Cyberspace Operations Group ("MCCOG") to II MEF in DON-USMC-2016-003723 listed instructions on the first page to <u>copy</u> the personal file folder (also known as personal storage table) ("PST") from the evidence CD that contained the responsive records.

(b)  That PST is then opened in the Microsoft Outlook e-mail program in order to view the responsive records.

(c)  Each of these e-mails can then be opened in Adobe Acrobat or a similar program in order to apply appropriate redactions, printed, and/or saved in a portable document format ("PDF") for dissemination.

(d)  Any person with minor computer skills can open this PST in Microsoft Outlook, <u>remove or manipulate entire e-mails,</u> then resave the PST as the "true copy" of the file from the MCNOSC evidence CD.

(e)  This "true copy" PST can be kept on a network shared file directory (with the evidence CD no longer needed, it can be placed in the long-term file for this FOIA request) as the working file to be utilized going forward, then be opened by another individual in Microsoft Outlook to apply redactions in Adobe Acrobat thus creating a redacted version of the "true copy".

(f)  The individual applying redactions would not be aware that the "true copy" PST had been manipulated unless doing a side-by-side comparison of it to the evidence CD PST.

(g)  In this third reconsideration, plaintiff provided an example of this in a three-page PDF containing a random original e-mail, a manipulated version of the e-mail, then a redacted version of the manipulated e-mail.  All of this was accomplished in less than 60 seconds. II MEF possessed the MCCOG evidence CD for more than <u>three months</u> before responding to plaintiff with only 45 pages of e-mails for DON-USMC-2016-003723.

17

(h)  The removal of e-mails is even more readily accomplished as it requires nothing more than deletion from the PST itself before resaving the file.

91.  By letter dated June 29, 2017 OJAG-14 acknowledged plaintiff's claim for appeal and granted this third reconsideration in that:

(a)  OJAG-14 compared the original PST to the released records and provided plaintiff nine additional pages of previously unreleased material with (b)(6) exemptions applied as the final response for DON-USMC-2016-003723.

(b)  By e-mail communications between OJAG-14, II MEF, and plaintiff, plaintiff was notified that OJAG-14 was provided a copy of the PST, not the original evidence CD, which would leave OJAG unable to determine the accuracy of the response.

(c)  DON-USMC-2016-005362 was remanded back to II MEF to coordinate with MCCOG for a more extensive search.

92.  By letter dated August 4, 2017, II MEF responded to the June 29 remand that no additional records were located.

93.  Between September 19 and December 13, 2017, plaintiff was in contact with OGIS who in turn worked with II MEF for a resolution to DON-USMC-2016-003723.

(a)  By letter dated December 13, 2017, the Office of Government Information Services ("OGIS) summarized their interaction with II MEF and stated that the II MEF SJA office reviewed the disc and identified 42 pages of additional material.  FOIA exemptions were applied to these documents then released to plaintiff.

94.  Plaintiff has a legal right under the FOIA to obtain the information he seeks, and challenges the legal basis for the denial by the USMC of said right.

95. Defendant is unlawfully withholding records requested by plaintiff pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.

96. Plaintiff is being irreparably harmed by reason of defendant's unlawful withholding of requested records, and plaintiff will continue to be irreparably harmed unless defendant is compelled to conform its conduct to the requirements of law.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Court:

(1)  Order the defendant to conduct a search for any and all responsive records to plaintiff's FOIA and Privacy Act requests and demonstrate that defendant employed search and retrieval methods reasonably calculated to lead to discovery and production of records responsive to the requests;

(2)  Order defendant to produce, by a date certain, any and all non-exempt records responsive to plaintiff's FOIA and Privacy Act requests along with a Vaughn Index of any responsive records withheld in whole or in part under a claim of exemption;

(3) Require defendant to provide the original evidence CD from DON-USMC-2016-003723 (Work Order Number 212705) for *in camera* examination;

(4) Enjoin defendant from continuing to withhold any and all non-exempt records responsive to plaintiff's FOIA and Privacy Act requests;

(5) Grant plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and,

(6) Grant plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,


s/Charles W. Gittins
(D.C. Bar  #439710)

P.O. Box 144
Middletown, VA 22645
(540) 327-2208
E-mail:  cgittins@aol.com


*Attorney for Robert Carlborg*

Dated:  August 10, 2018